IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES BROOKS,** | : | CIVIL ACTION |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **ERIC ARMEL, et al.,**[1] | : | NO.  20-cv-2885 |
| *Respondents*. | : | |

MEMORANDUM

**KENNEY, J.**                                                                                          **April 6, 2022**

I.      INTRODUCTION

Petitioner James Brooks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his September 16, 2013, sentencing for murder of the first degree, possession of an instrument of a crime, and conspiracy that resulted in sentences of imprisonment for life, and concurrent terms of imprisonment for 20-40 years and 1-5 years. Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation recommending that the habeas corpus petition be dismissed. ECF No. 13. Brooks filed objections. ECF No. 19. For the reasons set forth below, the Report and Recommendation are adopted.

II.     BACKGROUND

The Report and Recommendation summarizes the factual and procedural background of this case in detail. *See* ECF No.13 at 1-3. In brief, on September 16, 2013, Brooks was found guilty of first-degree murder, conspiracy, and possession of an instrument of crime ("PIC") in the January 25, 2012, shooting of Quadir Bush at 2091 Bridge Street in Philadelphia. Brooks was

---

[1] Eric Armel has replaced Mark Capozza as the superintendent of SCI-Fayette. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

sentenced to life imprisonment for murder, and concurrent prison terms of twenty-to-forty years for conspiracy and one-to-five years for PIC. *Id*. On June 12, 2020, Brooks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Brooks argues:

1. The sentencing court lacked statutory authorization to impose a sentence pursuant to a death penalty statute in a case where the death penalty was not a sentencing option,

2. The Commonwealth committed a Brady violation regarding a witness who testified about an accusation of police wrongdoing,

3. His trial counsel was ineffective for failing to impeach Darryl Wallace regarding wrong-doing by Philadelphia police officers; and

4. The prosecutor committed misconduct during closing by referring to Brooks as a "killer" in his closing statement.

ECF No. 13 at 3. Although Brooks concedes that he did not raise any of these claims in the state courts and that the claims are therefore procedurally defaulted, he argues that the default should be excused under *Martinez*. See ECF No. 1 at 15, 30-31; *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (recognizing a limited exception for a prisoner's procedurally defaulted claim of ineffective assistance at trial). On November 30, 2021, Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation in which she concluded that all four of Brooks' arguments are meritless, foreclosing a *Martinez* analysis. *See* ECF No. 13 at 9-20. Brooks filed objections to the Report and Recommendation reiterating claims 1-3 in substantially the same manner as his first petition. ECF No. 19 at 10-15. Brooks did not object to the Report and Recommendation's dismissal of his fourth claim of prosecutorial misconduct. *See* ECF No. 19.

### III.   STANDARDS OF REVIEW

#### A.   R&R Review

When a petitioner files objections to a report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which specific objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 148 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B. Exhaustion and Procedural Default

We cannot grant an application for a writ of habeas corpus unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b). Exhaustion under § 2254(b) requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, a petitioner must preserve each claim at the state appellate level and consistently use the same factual and legal theories to support each claim. *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990); s*ee also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (exhaustion satisfied only if claim fairly presented at each level of the state court system) (citing *O'Sullivan*, 526 U.S. at 844-45). The habeas petitioner has the burden of proving exhaustion to the federal court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

The Supreme Court has recognized a narrow exception for petitioners who cannot satisfy the requirements of exhaustion. In *Martinez*, the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural

3

default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012). To excuse a default under *Martinez*, the court must determine whether PCRA counsel was ineffective under the standards of *Strickland* v. *Washington*, 466 U.S. 668 (1984), and determine that the underlying claim of ineffectiveness of trial counsel is "substantial" under the standard for granting a certificate of appealability. *Martinez*, 566 U.S. at 14 (citing *Miller-El v. Cockerell*, 537 U.S. 322 (2003)); *Workman v. Sup't Albion SCI*, 915 F.3d 928, 937-38 (3d Cir. 2019); *Preston v. Sup't Graterford SCI*, 902 F.3d 365, 376-77 (3d Cir. 2018). If the court finds that PCRA counsel was ineffective utilizing this analysis, then the court proceeds to address the merits of the underlying ineffective assistance of trial counsel claim, utilizing the full *Strickland* analysis. However, the court may forego the *Martinez* analysis if the underlying claim of ineffective assistance of trial counsel has no merit. *See* 28 U.S.C. § 2254(b)(2) (writ may be denied "notwithstanding the failure of the applicant to exhaust" state court remedies); *see also Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010) (counsel not ineffective for failing to raise a meritless argument); *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998) (same).

    C.  Merits Review

Under the federal habeas statute, review is limited in nature and may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct, rebuttable only by clear and convincing evidence. *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)). The Third Circuit has noted that "an

unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts*, 228 F.3d at 196 (citing *Williams v. Taylor*, 529 U.S. 362, 365 (2000)).

## IV.   ANALYSIS

We have conducted a *de novo* review of the portions of the Report and Recommendation to which Brooks objects and adopt the Report and Recommendation in its entirety and incorporate the same herein. This Opinion briefly addresses Brooks' objections. ECF No. 19.

### A. Illegal Sentence Claim

In his objections, Brooks reiterates his claim that his counsel provided ineffective assistance because they did not object to Brook's sentencing under 18 Pa. C.S. § 1102(a)(1). Brooks' claim that the relevant statute did not authorize a sentence of life imprisonment is meritless. Section 1102(a)(1) states that "a person who has been convicted of a murder of the first degree…shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa. C.S. § 9711." Simply put, Section 1102(a)(1) authorizes two sentences for first-degree murder — death *or* life imprisonment — and does not require the Commonwealth present a death sentence in order to seek a sentence of life imprisonment. *See Commonwealth v. Bowen*, 237 A.3d 1095 (table) (Pa. Super. Ct. 2020). Brooks incorrectly believes that Section 9711 requires that the prosecutor pursue the death penalty, and that therefore the state lacks the discretion or authority to pursue only a term of life imprisonment under Section 1102. But Section 9711 only provides the process by which a jury can determine "whether the defendant shall be sentenced to death or life imprisonment," it does not strip authority from the court to

impose a life sentence nor require the state to seek the death penalty under Section 1102. This argument and Brooks' related claim of ineffective assistance of counsel are meritless.

### B. Brady Violation/IAC regarding Testimony of Police Misconduct

Brooks objects to the Report and Recommendation's determination that his *Brady* claim and related ineffective assistance of counsel claims are meritless. ECF No. 19 at 12. Brooks reiterates his argument that during his trial "Mr. Wallace was never questioned concerning the alleged intimidation [by police], either by the Commonwealth or by the defense, nor was he questioned concerning his allegations of wrong-doing by police" which he argues constitutes ineffective assistance of counsel as well as a violation of *Brady*. *Id*. Brooks also objects to the "notion that Mr. Wallace's allegations of police wrong-doing [were] based on pressure placed on him by [Brooks'] supporters." *Id.*

Brooks' claims and objections are meritless. The *Brady* and ineffective assistance of counsel claims rely entirely on a single reference by a witness, Mr. Wallace, to "crazy things" and "corrupt[ion]" by the police. But the vague statement, in which Wallace did not reference any specific act of misconduct or any specific officer, did not produce a *Brady* violation nor require that Brooks' counsel cross-examine Wallace on the stand regarding police misconduct. *See* ECF No. 13 at 13-15. Brooks' claim of ineffective assistance of counsel is meritless because there were obvious strategic reasons not to question Wallace about his statement, namely because it would have opened the door to testimony about alleged threats made to Wallace's family to prevent him from testifying against the defendants. When Wallace's statement is read in full and in context, it is clear that he was explaining that he was afraid to testify because he had received threats to him and his family, and his reference to "crazy things" and "corrupt[ion]" was an attempt to avoid testifying at trial. *See* N.T. 9/9/13 at 91. Furthermore, given Wallace's

6

statements that he needed to "flip" his story around to protect his family, his vague claim of corruption lacks credibility. *Id*. at 87-88. Brooks seeks to misconstrue an example of witness intimidation — a person frightened that testifying against Brooks and the other defendants would endanger his family — as a conspiracy involving police misconduct. These claims are entirely meritless.

In his objections, Brooks argues that the vague reference to police misconduct made by Wallace must be understood in the context of allegations of police misconduct raised in other cases. ECF No. 19 at 13-14. This specific argument was never presented to the state court, but even if it were, Brooks fails to meaningfully connect the unrelated allegations to his own case and Wallace's statement. Brooks cannot manufacture a *Brady* violation out of a single ambiguous reference to corruption, especially when that reference, when read in context, lacks all credibility. Accordingly, Brooks' claims of a *Brady* violation and ineffective assistance of counsel fail and are without merit.

V.     **CONCLUSION**

Upon de novo review, this Court OVERRULES Brooks' objections and DISMISSES the petition for writ of habeas corpus. A certificate of appealability will not issue. The Report and Recommendation are ADOPTED. An appropriate order follows.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

7